UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

TAHJAE FERRIL,

                Petitioner,

      v.

PAMELA BONDI, United States Attorney, and BRUCE SCOTT, Warden, Northwest ICE Processing Center,

                Respondents.

CASE NO. 2:26-cv-00821-TL

ORDER ON MOTION FOR TEMPORARY RESTRAINING ORDER

This Matter is Before the Court on Petitioner Tahjae Ferril's Motion for Temporary Restraining Order ("TRO"). Dkt. No. 2. For the reasons explained below, the motion is DENIED.

On March 9, 2026, Petitioner filed an application to proceed *in forma pauperis* (Dkt. No. 1) along with a proposed Petition for Writ of Habeas Corpus (Dkt. No. 1-1), a proposed Memorandum of Law and Points of Authority in Support of Petition for Writ of Habeas Corpus (Dkt. No. 2-2), a proposed Motion for Court-Appointed Counsel (Dkt. No. 1-3), and the Motion for TRO (Dkt. No. 2).

ORDER ON MOTION FOR TEMPORARY RESTRAINING ORDER – 1

On March 11, 2026, the Court issued an Order granting Petitioner leave to proceed *in forma pauperis* (Dkt. No. 4), and the proposed petition was posted to the docket (Dkt. No. 5).

Also on March 11, 2026, the Court issued its standard scheduling order. Dkt. No. 6. The scheduling order requires Respondents to file their return by March 25, 2026, and Petitioner to file his traverse, if any, no later than March 30, 2026. *Id.* ¶ 1–2. The scheduling order further orders Respondents to provide Petitioner at least 48 hours' notice prior to any action to move or transfer him from the District or remove him from the United States. *Id.* ¶ 3. This scheduling order was entered pursuant to General Order 10-25, found at https://www.wawd.uscourts.gov/sites/wawd/files/General%20Order%2010-25%20re%20Immigration%20Habeas.1.pdf. General Order 10-25 was entered on December 18, 2025, after consultation and cooperation of various stakeholders, including the U.S. Attorney's Office, the Federal Defender's Office, and the Northwest Immigrant Rights Project.

Pursuant to the scheduling order, the habeas petition was served on Respondents, who are now are receiving electronic notifications in this action, including notice of all pending motions. *See* Dkt. No. 6 ¶ 4.

The Court now considers Petitioner's Motion for TRO. This motion asks the Court to restrain respondents "from deporting Petitioner to either Jamaica or any third country unknown to Petitioner." Dkt. No. 2.

A TRO, as with any preliminary injunctive relief, is an extraordinary remedy that is "never awarded as of right." *See Winter v. Natural Res. Def. Council, Inc.*, 555 U.S. 7, 24 (2008); *see also Stuhlbarg Int'l Sales Co. v. John D. Brush & Co.*, 240 F.3d 832, 839 n.7 (9th Cir. 2001) (noting the analysis for a TRO and a preliminary injunction are substantially identical), *overruled on other grounds by Winter*, 555 U.S. 7.

A party seeking a TRO must establish: (1) a likelihood of success on the merits; (2) a likelihood of irreparable harm in the absence of the preliminary relief; (3) a balancing of equities tips in favor of the injunction; and (4) the injunction is in the public interest. *Winter*, 555 U.S. at 20. These four considerations are known as the "*Winter* factors."

All four *Winter* elements must be satisfied for a court to issue a TRO. *hiQ Labs, Inc. v. LinkedIn Corp.*, 31 F.4th 1180, 1188 (9th Cir. 2022). "The first factor 'is a threshold inquiry and is the most important factor.'" *Baird v. Bonta*, 81 F.4th 1036, 1040 (9th Cir. 2023) (quoting *Env't Prot. Info. Ctr. v. Carlson*, 968 F.3d 985, 989 (9th Cir. 2020)). "Thus, a 'court need not consider the other factors' if a movant fails to show a likelihood of success on the merits." *Id.* (quoting *Disney Enters., Inc. v. VidAngel, Inc.*, 869 F.3d 848, 856 (9th Cir. 2017)).

Here, Petitioner has not satisfied the first element, because he has not provided the Court with information upon which the Court can determine that Petitioner is likely to succeed on the merits of his habeas petition. *See generally* Dkt. Nos. 1, 2. Therefore, the Court need not reach the other *Winter* factors.

Even if the Court were to reach any of the other factors, the Court could not find that Petitioner is likely to suffer irreparable harm in the absence of a TRO, because there is no information suggesting that Respondents are planning to remove Petitioner or that Petitioner has a final order of removal.

Therefore, the Motion for TRO is denied. Plaintiff is advised that any future motion for TRO should include more information related to Plaintiff's situation and the reasons for a TRO, so that the Court may consider each of the *Winter* factors.

Accordingly, it is hereby ORDERED:

(1)     The motion for TRO (Dkt. No. 2) is DENIED with leave to refile if appropriate.

However, Petitioner is ADVISED that, under Paragraph 5 of General Order 10-25,

ORDER ON MOTION FOR TEMPORARY RESTRAINING ORDER – 3

"[m]otions for temporary restraining orders should be reserved for matters where the petitioner alleges imminent, irreparable harm, such as imminent removal from the United States. All motions for temporary restraining orders must meet the requirements of Federal Rule of Civil Procedure 65 and Local Civil Rule 65."

(2) The Clerk of Court is DIRECTED to add Plaintiff's Proposed Motion for Appointment of Pro Bono Counsel (Dkt. No. 1-3 at 1) and the supporting declaration (*id.* at 2) to the docket and to note the motion for consideration on March 25, 2026.

(3) Petitioner is ADVISED that his Motion for Appointment of Counsel is accompanied by a one-page declaration that lacks his signature and appears to be missing an intended page or pages. If Petitioner wishes the Court to consider his declaration, he SHALL send the missing pages to the court and ensure they are received no later than **March 23, 2026**.

Dated this 12th day of March, 2026.

Tana Lin
United States District Judge

ORDER ON MOTION FOR TEMPORARY RESTRAINING ORDER – 4