UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

TAHJAE FERRIL,

                    Petitioner,

          v.

PAMELA BONDI, United States Attorney,
and BRUCE SCOTT, Warden, Northwest
ICE Processing Center,

                    Respondents.

CASE NO. 2:26-cv-00821-TL

ORDER

This Matter is before the Court on its own motion.

Respondent Bondi's Return Memorandum asserts that Petitioner is "detained pursuant to the mandatory detention provision of 8 U.S.C. § 1226(c)." Dkt. No. 11 at 8. If correct, this fact is highly relevant to the Court's evaluation of Petitioner's likelihood of success on the merits of his claim, which in turn is relevant to resolution of Petitioner's Motion to Appoint Counsel (Dkt. No. 10). However, the bases given by Respondent Bondi for this assertion—that "Petitioner's felony assault conviction is covered under 8 U.S.C. § 1227(a)(2)(A)(iii)," and that he "also falls

ORDER – 1

under mandatory detention pursuant to 8 U.S.C. § 1182(c)(1)(A)," (Dkt. No. 11 at 10)—are not supported by the record.

The immigration documents filed by Respondent Bondi suggest that she may be able to support her assertions that Petitioner was convicted in 2025

> of several offenses including, inter alia: Battery on a Law Enforcement Officer or Firefighter in violation of Florida Statute ("F.S.") 784.07(2)(b), Resisting Officer with Violence in violation of F.S. 843.01, and Possession of a Controlled Substance (Methamphetamine) in violation of F.S. 893.13(6)(a)[.]

*Id.* at 11. But the Deportation Officer whose declaration Respondent Bondi cites in support of this assertion does not appear to have personal knowledge of these facts. *See generally* Dkt. No. 13 (Reed Decl.); *see* Fed. R. Evid. 602. Similarly, the charging document filed in Petitioner's removal case (Dkt. No. 12-1) is inadmissible hearsay if offered as evidence to prove the truth of the fact, asserted therein, that Petitioner was convicted of these offenses. *See* Fed. Rs. Evid. 801, 802.

Even if these convictions can be established, Respondent Bondi has not demonstrated that any of them is an "aggravated felony" for the purpose of 8 U.S.C. § 1227(a)(2)(A)(iii), or otherwise renders Petitioner subject to detention under § 1226(c)(1). While the charges of deportability on the charging document are consistent with detention under § 1226(c) (*see* Dkt. No. 12-1 at 5), the removal order or portion thereof filed by Respondent Bondi (Dkt. No. 12-3) does not indicate the ground or grounds on which the immigration judge ("IJ") ultimately found Petitioner deportable and ordered his removal.

//

//

//

//

ORDER – 2

Accordingly, it is hereby ORDERED:

(1)    Respondents SHALL, by **April 1, 2026**, file competent evidence in support of the assertion that Petitioner is detained pursuant to pursuant to 8 U.S.C. § 1226(c). This may consist of either:

> (a)    Competent evidence of the basis on which the IJ found Petitioner deportable, if that basis is one enumerated in 8 U.S.C. 1226(c)(1); *or*

> (b)    Competent evidence of Petitioner's criminal conviction(s), *combined with* authority and/or analysis establishing that one or more of those convictions subjects Petitioner to detention under 8 U.S.C. 1226(c).

(2)    The clerk is hereby DIRECTED to re-note Petitioner's Motion to Appoint Counsel (Dkt. No. 10) for April 1, 2026.

(3)    Petitioner's deadline to file his traverse is hereby STRICKEN. The deadline will be reset, and the habeas petition will be re-noted for consideration, after the motion to appoint counsel is resolved.

Dated this 27th day of March, 2026.

Tana Lin
United States District Judge

ORDER – 3